Timothy L. PURTLE, Petitioner—
Appellant,

v.

Mike KNOWLES, Warden,
Respondent—Appellee.

No. 03–55930.

United States Court of Appeals,
Ninth Circuit.

Submitted June 15, 2004.*

Decided June 24, 2004.

Timothy L. Purtle, Ione, CA, pro se.

Attorney General, William M. Wood, Esq., Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: LEAVY, THOMAS and FISHER, Circuit Judges.

MEMORANDUM **

California state prisoner Timothy L. Purtle appeals pro se the district court's judgment dismissing with prejudice his 28 U.S.C. § 2254 petition for writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Purtle contends that his Sixth Amendment right to an impartial jury was

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

violated because one juror was acquainted with a prosecution witness. Because the California Court of Appeal's decision, that Purtle failed to demonstrate juror bias after a full and fair hearing in state trial court, is not "contrary to, or . . . an unreasonable application of, clearly established Federal law," this contention fails. *See* 28 U.S.C. § 2254(d)(1); *Smith v. Phillips,* 455 U.S. 209, 215, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982) (stating that "the remedy for allegations of juror partiality is a hearing in which the defendant has the opportunity to prove actual bias"). Furthermore, Purtle's contention that he is entitled to an evidentiary hearing in district court on this issue is without merit. *See Totten v. Merkle,* 137 F.3d 1172, 1176 (9th Cir.1998) (stating that "an evidentiary hearing is *not* required on issues that can be resolved by reference to the state court record").

Purtle next contends that his rights under the Confrontation Clause of the Sixth Amendment were violated when Nichols testified about a conversation with Brian Ogilvie, who died before trial. This contention fails because the trial court immediately struck Nichols' response upon objection by defense counsel, and immediately admonished the jury to disregard it. Therefore, no evidence was admitted against Purtle in violation of the Confrontation Clause. *Cf. Crawford v. Washington,* —— U.S. ——, ——, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177 (2004) (holding that the Confrontation Clause prevents the *admission* of "testimonial evidence" unless the declarant is unavailable and there has been a "prior opportunity for cross-examination").

■ Purtle further contends that his rights under the Due Process Clause of the Fourteenth Amendment were violated by the prosecutor's alleged misconduct in questioning Nichols about the conversation with Ogilvie. Even if the prosecutor's

question amounted to misconduct, it did not affect the fundamental fairness of the trial because the trial court immediately struck the response, instructed the jury to disregard the stricken testimony, and the prosecutor did not refer to the stricken testimony in his closing argument to the jury. *See Greer v. Miller,* 483 U.S. 756, 765–66, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987) (noting that "[w]hen a defendant contends that a prosecutor's question rendered his trial fundamentally unfair, it is important as an initial matter to place the remark in context[,]" and concluding that in the context of the case—"a single question, an immediate objection, and two curative instructions"—the prosecutor's question did not violate petitioner's due process rights); *cf. Richardson v. Marsh,* 481 U.S. 200, 211, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987) (holding that "the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction," but remanding for a determination of whether Marsh was entitled to habeas relief because "the prosecutor *sought to undo the effect of the limiting instruction*" in closing argument) (emphasis added).

AFFIRMED.